Dear Senate Long
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Do volunteer members of a Volunteer Fire Department in anunincorporated community, created pursuant to the provisions of18 O.S. 592 (1989), have any statutory exemption fromliability in suits for damages for their actions as volunteerfiremen? If so, what is the extent of any such exemption fromcivil liability?
¶ 1 In 1983, the Oklahoma Legislature amended provisions of Oklahoma law which expressly authorized the creation of a charitable corporation for the purpose of providing either a volunteer or full-time fire department for an unincorporated area or place. See, 18 O.S. 592 (1989). Such a charitable corporation formed for this purpose has the authority to provide fire protective services to members and nonmembers, within or without the unincorporated area. The question of whether any particular volunteer fire department has been properly created in accordance with this statutory scheme is a question of fact and not the proper subject of an official opinion of the Attorney General. Your question presumes, however, that the volunteer fire department in question has been created in accordance with this specific statutory authorization and is acting under the authority of a charitable corporation created for that purpose.
¶ 2 Title 18 O.S. 594 (1989) establishes (1) that while such charitable corporation is actually engaged in the function of providing fire protective services, it is to be considered an agency of the State of Oklahoma, and (2) that, while so engaged, such charitable corporation shall not be liable in tort for the acts of its members or its firemen. Of course, in 1983, absent a specific waiver, the State of Oklahoma, and its agencies, enjoyed absolute sovereign immunity from liability in tort, while engaged in "governmental" functions. Neal v. Donahue, 611 P.2d 1125
(Okla. 1980). 18 O.S. 594 provided that such charitable corporations would be treated as a governmental agency, rather than a private body for purposes of tort immunity. Statutes should be interpreted to produce a reasonable result. Phelps v.State, 598 P.2d 254 (Okla.Cr. 1979). It is likely, then, that in enacting this statutory provision, the Oklahoma Legislature intended to protect such charitable corporate volunteer fire departments from exposure to tort liability while they were actually engaged in such activities. This provision did not specifically address the question of the liability exposure of the individual volunteers of such volunteer fire department, which is the focal point of your questions.
¶ 3 The statutory treatment of volunteer fire departments, under 18 O.S. 592 (1989), differs significantly from the statutory treatment of a fire protection district created pursuant to the provisions of 19 O.S. 901.1 (1989). While 19O.S. 901.1 allows a fire protection district to be created by an incorporated city or town which might include fire protection services for areas outside the corporate limits of that incorporated city or town, 18 O.S. 592 permits the creation of volunteer fire departments for the purpose of providing fire protection services to unincorporated areas. In 1986, the Attorney General issued an official opinion, answering questions similar to yours, and stated that fire protection districts, organized and operated under the provisions of 19 O.S. 901.1
(1986) et seq., were not political subdivisions or entities of the State for purposes of coverage under the Governmental Tort Claims Act, now codified at 51 O.S. 151 (1989) et seq. See
Attorney General Opinion No. 86-095. For the reasons which follow, Attorney General Opinion No. 86-095 is hereby withdrawn.
¶ 4 In 1985, the Oklahoma Legislature enacted the Oklahoma Governmental Tort Claims Act, now found at 51 O.S. 151 (1989) et seq., for purposes of establishing a statutory mechanism for private individuals ("claimants") to file "claims" against the State or its political subdivisions due to injury or property damage alleged to have occurred as a result of tortious conduct on the part of the State, political subdivisions, or their employees. See, 51 O.S. 153 (1989). Under that Act as it was originally enacted in 1985, the terms "State" and "political subdivision," were specifically defined and Attorney General Opinion No. 86-095 concluded that a "fire protection district" did not come within the definitions of either term. Thus, it was also concluded in that opinion that coverage under the Governmental Tort Claims Act of those fire protection districts was not provided.
¶ 5 In 1987, the Oklahoma Legislature amended the definitions section of the Oklahoma Governmental Tort Claims Act, and specifically defined "political subdivision" to include both fire protection districts, created pursuant to 19 O.S. 901.1 (1981), and benevolent or charitable corporate volunteer or full-time fire departments for an unincorporated area, created pursuant to18 O.S. 592 (1989), for purposes of the Governmental TortClaims Act only. See, 51 O.S. 152(8)(h) and 51 O.S.152(8)(i) (1989). The amendment clarified the status of both fire protection districts, created under 19 O.S. 901.1 (1981), and volunteer fire departments, created under 18 O.S. 592
(1989), as political subdivisions under the Tort Claims Act. In light of this statutory amendment, the conclusion reached in Attorney General Opinion No. 86-095 is no longer applicable.
¶ 6 Similarly, the same 1987 legislative amendment clarified the status of the volunteer fire departments, which are the subject of your inquiry, for purposes of tort liability. These entities are specifically defined to be "political subdivisions" under the Tort Claims Act. 51 O.S. 152(8)(i) (1989). As such, the other provisions and limitations of the Tort Claims Act will control the assessment of tort liability against any such "political subdivision."
¶ 7 The gravamen of the Oklahoma Governmental Tort Claims Act is that the governmental entity, itself, is exposed to tort liability, if any arises, while the individual employees, or in this instance the individual volunteer firemen, are shielded from such tort liability by statutorily imposed sovereign immunity. Title 51 O.S. 152.1(A) (1989) adopts sovereign immunity on behalf of the State, its political subdivisions and their employees while "acting within the scope of their employment, whether performing governmental or proprietary functions," for torts. Title 51 O.S. 152.1(B) (1989) waives that immunity as to the State or political subdivision, only, and only to the extent and in the manner provided for in the Act.
¶ 8 The Tort Claims Act defines "employee" to include "any person who is authorized to act in behalf of a political subdivision or the state whether that person is acting on a permanent or temporary basis, with or without being compensated or on a full-time or part-time basis." 51 O.S. 152(5) (1989). The Act also defines "scope of employment" to be "performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud." 51 O.S.152(9) (1989). The question of whether any given employee is acting within the scope of his or her employment is a question of fact and is not the proper subject of an opinion of the Attorney General; however, to the extent that any such volunteer fireman is engaged in fire protection activities, in good faith, the scope of employment requirement would probably be satisfied.
¶ 9 Thus, the answer to your first question is that, under the Oklahoma Governmental Tort Claims Act, 51 O.S. 151 (1989) et seq., volunteer firemen, acting in that capacity, enjoy absolute statutory sovereign immunity, while they are acting within the scope of that employment relationship, for civil actions in tort, brought under the provisions of the Oklahoma Governmental Tort Claims Act.
¶ 10 Your second question asks to what extent would these individuals enjoy this statutory immunity? The limitations of the statutory sovereign immunity adopted on behalf of employees at51 O.S. 152.1(A) (1989), include (1) that the employee must be an "employee" within the definition of the Act, and (2) that the employee must be acting "within the scope" of his or her employment. Whether any individual is an employee who is acting within the scope of employment is necessarily a question of fact and not the proper subject of an opinion of the Attorney General. But, if the fireman involved is an employee, in fact, and acting within the scope of his "employment," generally he is entitled to claim this immunity under the Tort Claims Act.
¶ 11 The statutory immunity afforded governmental employees under the Oklahoma Governmental Tort Claims Act applies only to actions in tort governed by that Act. The Oklahoma Governmental Tort Claims Act, 51 O.S. 151 (1989) et seq., is the exclusive mechanism for obtaining a tort recovery against the state or a political subdivision. 51 O.S. 153(A) (1989). There are other civil actions which may be brought against governmental officials, however, including those brought in federal court under the federal civil rights act, 42 U.S.C.A. 1983, and in which the immunity afforded to employees under the Tort Claims Act does not apply. Immunity under civil rights case law is primarily dependent upon the facts of each case and is not of statutory origin.
¶ 12 It is, therefore, the official opinion of the AttorneyGeneral that, under the Oklahoma Governmental Tort Claims Act,51 O.S. 151 (1989) et seq., volunteer firemen, as provided forunder 18 O.S. 592 (1989), acting in that capacity, enjoyabsolute statutory sovereign immunity, while they are actingwithin the scope of that employment relationship, and suchimmunity is limited to civil actions in tort brought under theprovisions of the Oklahoma Governmental Tort Claims Act. In lightof the amendments to 51 O.S. 152 (1989), discussed herein,the conclusion reached in Attorney General Opinion No. 86-095 isno longer valid.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
CATHY CLINTON BARNUM ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, FEDERAL DIVISION